**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   Case No.
CARLOS FAJARDO CARAVAGGIO,

                                        Plaintiff,                    **COMPLAINT**

                -against-
                                                                     **Plaintiff DEMANDS**
HNJ NYC LLC d/b/a HOT N JUICY CRAWFISH,                               **A TRIAL BY JURY**
MICHAEL AIKEN, *individually*, and HENRY
SILVA, *individually*,

                                        Defendants.
------------------------------------------------------------------X

    Plaintiff, CARLOS FAJARDO CARAVAGGIO, by his attorneys, PHILLIPS &
ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as
follows:

<u>**NATURE OF THE CASE**</u>

1.    Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, 42 U.S.C. § 2000e,
<u>et seq.</u> ("Title VII"); the <u>New York State Human Rights Law</u>, New York State Executive
Law § 296, <u>et seq.</u> ("NYSHRL"); the <u>New York City Human Rights Law</u>, New York City
Administrative Code § 8-502(a), <u>et seq.</u> ("NYCHRL"); and seeks damages to redress the
injuries Plaintiff has suffered as a result of being <u>discriminated and retaliated against</u> on
the basis of his <u>sex/gender (male)</u>, assaulted and battered, and <u>constructively discharged</u> by
his employer.

<u>**JURISDICTION AND VENUE**</u>

2.    Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331
and 1343.

3.   The Court has supplemental jurisdiction over Plaintiff's claims brought under state and city law pursuant to 28 U.S.C. § 1367.

4.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.   Plaintiff received a Notice of Right to Sue from the EEOC, August 28, 2018, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7.   This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.   That at all times relevant hereto, Plaintiff was and is a resident of the State of New York and New York County.

9.   Defendant HNJ NYC LLC d/b/a HOT N JUICY CRAWFISH ("HNJ") is a domestic limited liability company operating in and existing under the laws of the State of New York.

10.   Upon information and belief, Defendant HNJ operates a restaurant located at 243 West 14th Street, New York, New York, 10011 and does business as Hot N Juicy Crawfish (the "Restaurant").

11.   In addition, upon information and belief, there are over twelve (12) other Hot N Juicy Crawfish restaurants operating in the United States of America, at least two (2) of which operate within the State of New York.

12.  Moreover, upon information and belief, Defendant HNJ employs at least fifteen (15) employees.

13.  Furthermore, upon information and belief, Defendant HNJ only operates the Restaurant.

14.  At all times material, Plaintiff was an employee of Defendant HNJ.

15.  At all times material, Defendant HENRY SILVA ("SILVA") was and is an employee of Defendant HNJ holding the title of "Supervisor and Manager" in the kitchen.

16.  At all times material, Defendant SILVA was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant SILVA had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

17.  At all times material, Defendant MICHAEL AIKEN ("AIKEN") was and is an employee of Defendant HNJ holding the title of "General Manager."

18.  At all times material, Defendant AIKEN was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant AIKEN had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

19.  Defendants, HNJ, SILVA, and AIKEN, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

20.  On or about May 12, 2017, Plaintiff began working at the Restaurant as a "Dishwasher," earning $15.50 per hour.

21.  On or about February 14, 2018, Plaintiff's hourly rate was increased to $15.75 per hour.

22.  At all times relevant, Plaintiff worked from Wednesday to Monday, from 5:00PM to 11:00PM/12:00AM. On average, Plaintiff worked 40 hours per week.

3

23.     Plaintiff had an expected 2018 annual salary of $32,760.00.

24.     Plaintiff is a heterosexual male.

25.     In addition, Plaintiff worked at Defendant HNJ under the name "Sebastian," as it was his
        nickname and there was one other employee whose name was Carlos.

26.     In or around October 2017, Plaintiff's original supervisor, Wilmar Zabala ("Mr. Zabala"),
        stopped working at the Restaurant and was transferred to the Flushing location at 36-36
        Prince Street, Unit 103-105, Flushing, New York 11354.

27.     In or around October 2017, Defendant SILVA began supervising Plaintiff.

28.     Upon information and belief, Defendant SILVA is a homosexual male.

29.     In or around late November 2017, Defendant SILVA approached Plaintiff, took Plaintiff's
        hat and rubbed Plaintiff's head. Defendant SILVA then asked Plaintiff why he dyed his
        hair and told Plaintiff "you look so gay" and "only gay people dye their hair."

30.     Defendant SILVA continued to make comments about Plaintiff's hair and to inquire about
        Plaintiff's sexuality, for example asking if he had a wife and children.

31.     In or around late November 2017, Plaintiff complained to Defendant AIKEN about
        Defendant SILVA's comments. Defendant AIKEN responded "ignore him; he is only
        playing."

32.     Upon information and belief, Defendant AIKEN acquiesced to Defendant SILVA's
        discriminatory conduct by telling Plaintiff to simply ignore Defendant SILVA.

33.     In or around the mid-December 2017, Defendant SILVA placed his hands on Plaintiff's
        waist and began thrusting his hips sexually towards Plaintiff's rear end. Defendant SILVA
        said "I'm gonna fuck you really hard." Plaintiff felt humiliated. Worse, this happened
        inside of a changing room, and several other employees witnessed this event and laughed

4

at Plaintiff. This only exacerbated Plaintiff's embarrassment. Plaintiff objected to this lewd and unwanted sexual advance.

34.     Defendant SILVA repeatedly asked Plaintiff why he wears cologne and said "only gay people wear cologne."

35.     On multiple occasions Defendant SILVA approached Plaintiff from behind, while Plaintiff was bent over, and said to him "watch out in that position; things can happen."

36.     Plaintiff found these comments offensive and discriminatory, based on his gender (male).

37.     On or about December 22, 2017, Plaintiff complained again to Defendant AIKEN about Defendant SILVA's harassment. Defendant AIKEN then told Plaintiff that he would speak to Defendant SILVA, but also said "I think you're lying."

38.     Defendant AIKEN failed to intervene with regard to Defendant SILVA's inappropriate conduct, acquiescing to the sexual harassment.

39.     In addition, Defendant SILVA would regularly come up behind Plaintiff, while Plaintiff was washing dishes, and repeatedly thrust his groin towards Plaintiff's rear end, simulating having anal sex with Plaintiff. Plaintiff demanded that Defendant SILVA stop, but he did not.

40.     Defendant SILVA would also regularly grab Plaintiff's buttocks and tell him "you know what we're going to do," clearly suggesting that he would have sex with Plaintiff.

41.     Defendant SILVA further grabbed Plaintiff's pants, while Plaintiff was changing, and ran away from him, while Plaintiff was changing on multiple occasions.

42.     Plaintiff vehemently objected to each and every one of these occurrences.

43.     In or around November 2017, Plaintiff posted a complaint to the Restaurant's GroupMe group, concerning Defendant SILVA's sexual harassment.

44.   Upon information and belief, the Restaurant's managers monitored the Restaurant's GroupMe group.

45.   However, no one ever responded to Plaintiff's complaint, nor, upon information and belief, did anyone investigate Plaintiff's complaint.

46.   In or around December 2017, Defendant SILVA touched Plaintiff's rear and pulled down Plaintiff's underwear, while Plaintiff was changing his clothes on approximately two (2) separate occasions.

47.   In or around the mid-December 2017, Plaintiff posted another complaint to the Restaurant's GroupMe group, concerning Defendant SILVA's sexual harassment.

48.   However, no one ever responded to Plaintiff's complaint, nor, upon information and belief, did anyone investigate Plaintiff's complaint.

49.   In or around late-December 2017, Defendant SILVA grabbed Plaintiff's hat off his head. Laughing, Defendant SILVA then put the hat down the front of his pants to his groin. Defendant SILVA told Plaintiff "come and get your hat," as he continued to laughed at Plaintiff.

50.   A few nights later, Defendant SILVA again snatched Plaintiff's hat off his head and shoved Plaintiff's hat down his pants. This time, Defendant SILVA told Plaintiff to "smell it," "don't wash it," and put it under your pillow so you don't forget me."

51.   In or around January 2018, Plaintiff again complained of this sexual harassment to Defendant AIKEN.

52.   Upon information and belief, Defendant AIKEN did not investigate Plaintiff's complaint, thereby acquiescing to Defendant SILVA's discriminatory, sexually harassing, and unwanted conduct.

53.   On or about February 27, 2018, Defendant SILVA said "let me introduce you to my little friend" to Plaintiff as he entered the Restaurant. Defendant SILVA then forcefully grabbed Plaintiff's hand and pushed it up against Defendant SILVA's groin, making Plaintiff feel Defendant SILVA's erect penis.

54.   Plaintiff recoiled, pulling his hand away the instant he was able to.

55.   Later the same night Defendant SILVA whispered into Plaintiff's ear "lavate ese culo para esta noche."[1]

56.   On or about March 2, 2018, Plaintiff responded to a GroupMe message informing Maurice Winters ("Mr. Winters"), Assistant Manager, that the staff would be okay working with one less employee that day.

57.   In response, Defendant SILVA began threatening Plaintiff and telling him to not complain and to keep his mouth shut.

58.   Soon thereafter, Plaintiff complained, in writing, to Defendant AIKEN about Defendant SILVA's unlawful and unwelcomed behavior.

59.   Later that day, Defendant SILVA repeatedly told Plaintiff "I'm gonna break your mouth." Defendant SILVA also told Plaintiff "I'm gonna cut your balls, if you have them, and feed them to my dogs."

60.   Defendant SILVA's unlawful conduct made Plaintiff in fear for his bodily safety.

61.   Plaintiff then complained to Mr. Winters, about Defendant SILVA's most recent discriminatory and hostile comments. Mr. Winters told Plaintiff, "I'm busy right now" and told Plaintiff that he cannot help Plaintiff and for him to talk to Defendant AIKEN.

---

[1] "Wash your ass for tonight."

7

62.   Upon information and belief, Mr. Winters acquiesced to Defendant SILVA's discriminatory conduct by deflecting Plaintiff's complaint.

63.   Soon thereafter, Plaintiff returned downstairs and prepared to leave.

64.   Upon his return, Defendant SILVA continued his harassment of Plaintiff. This harassment included insulting Plaintiff and his family members.

65.   Plaintiff reacted, after being sexually harassed and taunted for months, by moving towards Defendant SILVA. However, before anything could occur another employee, Jason (Last Name Unknown) pulled Plaintiff back and told him it was not worth it.

66.   Soon thereafter, Plaintiff left Defendant HNJ's premises.

67.   On or about March 7, 2018, Plaintiff again complained to Defendant AIKEN about Defendant SILVA's unlawful sexually harassing conduct. This included when Defendant SILVA took Plaintiff's hand, on or about February 27, 2018, and placed it on top of Defendant SILVA's groin.

68.   Upon information and belief, this conduct was captured on surveillance video.

69.   At his breaking point, Plaintiff was forced to resign from the Restaurant because Defendant SILVA continued to sexually harass and sexually assault Plaintiff.  In addition, Defendant HNJ continued to ignore Plaintiff's complaints, leaving Plaintiff in a hostile work environment, based on his gender (male).

70.   In addition, Plaintiff also repeatedly complained to Sammy (Last Name Unknown), another Manager, about Defendant SILVA's conduct. However, Sammy never did anything to stop Defendant SILVA from sexually harassing Plaintiff.

71.    Making matters more egregious, Plaintiff witnessed Defendant SILVA similarly sexually
       harass other coworkers, including Marcello ("Last Name Unknown") ("Marcello") and
       Eduardo ("Last Name Unknown") ("Eduardo").

72.    This sexual harassment included, but was not limited to, Defendant SILVA grabbing their
       rear ends. Plaintiff also saw Defendant SILVA force Marcello to touch Defendant SILVA's
       penis, while insisting Marcello "say hello to my little friend," and simulate having anal sex
       with Marcello when Marcello was bent over. In addition, Plaintiff saw Defendant SILVA
       simulate having sex with Eduardo and say "Watch out Eduardo this is really hard you're
       gonna feel it."

73.    Upon information and belief, Defendant HNJ has an anti-discrimination and policy in
       place, which alleges that Defendant HNJ has a zero-tolerance policy for discrimination in
       the workplace.

74.    Upon information and belief, Defendant HNJ ignored its own policies and procedures to
       the detriment of Plaintiff.

75.    Defendant HNJ knew or should have known of the discriminatory conduct and failed to
       take corrective measures within its control.

76.    Plaintiff was offended, disturbed, humiliated, and disgusted by this blatantly unlawful
       termination.

77.    Defendants created a hostile work environment which unreasonably interfered with
       Plaintiff's ability to perform his job.

78.    The above are just some of the ways Defendants regularly and continually harassed,
       discriminated against, and retaliated against Plaintiff while employing his.

79.    Defendants treated Plaintiff this way solely due to his gender (male).

9

80.   Defendants' acted intentionally and intended to harm Plaintiff.

81.   Defendants unlawfully discriminated against, retaliated against, humiliated, degraded, and belittled Plaintiff.

82.   Plaintiff's performance was, upon information and belief, above average and satisfactory while working for Defendants.

83.   As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

84.   Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

85.   Defendants' acted maliciously, willfully, outrageously, and with full knowledge of the law.

86.   As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against the Individual Defendants)

87.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e, et seq., for relief based upon the unlawful employment practices of Defendant HNJ. Plaintiff complains of Defendant HNJ's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

89.   Defendant HNJ violated the sections cited herein as set forth.

10

90.     Plaintiff is entitled to the maximum amount allowed under this statute.

**SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against the Individual Defendants)**

91.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint.

92.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that

it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because he has
> opposed any practice made an unlawful employment practice by this
> subchapter, or because he has made a charge, testified, assisted or
> participated in any manner in an investigation, proceeding, or hearing
> under this subchapter.

93.     Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e et seq.

by discriminating against Plaintiff with respect to the terms, conditions or privileges of

employment because of his opposition to the unlawful employment practices of the

Defendant.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER NEW YORK STATE EXECUTIVE LAW**
**(Against All Defendants)**

94.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

95.     New York State Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an
> employer or licensing agency, because of an individual's age, race,
> creed, color, national origin, sexual orientation, military status, **sex**,
> disability, predisposing genetic characteristics, marital status, or
> domestic violence victim status, to refuse to hire or employ or to bar
> or to discharge from employment such individual or to discriminate
> against such individual in compensation or in terms, conditions or
> privileges of employment.

96.    Defendants violated the section cited herein as set forth.

97.    Plaintiff is entitled to the maximum amount allowed under this statute.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE LAW

98.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

99.    New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

100.   Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW (Against Defendants, SILVA and AIKEN)

101.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

102.   New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

103.   Defendants, SILVA and AIKEN, violated this statute as set forth.

104.   Plaintiff is entitled to the maximum amount allowed under this statute.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against all Defendants)

105.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

106.   The New York City Administrative Code § 8-107(1) provides that

It shall be an unlawful discriminatory practice: (a) For an employer
or an employee or agent thereof, because of the actual or perceived
age, race, creed, color, national origin, **gender**, disability, marital
status, sexual orientation or alienage or citizenship status of any
person, to refuse to hire or employ or to bar or to discharge from
employment such person or to discriminate against such person in
compensation or in terms, conditions or privileges of employment.

107.   Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working

conditions, and otherwise discriminating against Plaintiff because of him gender (male).

108.   Plaintiff is entitled to the maximum amount allowed under this ordinance.

## AS A SEVENTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

109.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

110.   The New York City Administrative Code §8-107(7) provides that it shall be unlawful

discriminatory practice: "For an employer . . . to discriminate against any person because such

person has opposed any practices forbidden under this chapter. . ."

111.   Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's

opposition to the unlawful employment practices of the Defendants.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against Defendants, SILVA and AIKEN)

112. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

113. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

114. Against Defendants, SILVA and AIKEN, violated the section cited herein as set forth.

115. Plaintiff is entitled to the maximum amount allowed under this ordinance.

## AS A NINTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
### (Against Defendant SILVA)

116. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

117. By his actions as set forth above, Defendant SILVA subjected Plaintiff to assault and battery. Defendant SILVA intentionally subjected Plaintiff to harmful and/or offensive physical contact. Defendant SILVA further intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact.

118. As a result of this harmful and/or offensive contact and/or reasonable apprehension of the same, Plaintiff sustained damages.

119. Plaintiff is entitled to the maximum amount allowed under this doctrine.

## JURY DEMAND

120. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

14

A.     Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.; the New York State Human Rights Law, New York State Executive Law § 296, et seq.; and the New York City Administrative Code, § 8-107, et seq., in that Defendants discriminated against Plaintiff based on his sex/gender, assaulted and battered Plaintiff, and constructively discharged Plaintiff based on the severe and pervasive sexual harassment.

B.     Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make his whole for any losses suffered because of such unlawful employment practices;

C.     Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain, suffering, and injury to his reputation in an amount to be proven;

D.     Awarding Plaintiff punitive damages;

E.     Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       October 4, 2018

                              **PHILLIPS & ASSOCIATES**
                              **Attorneys at Law, PLLC**

                 By:    _____
                              Brittany A. Stevens, Esq.
                              Yusha D. Hiraman, Esq.
                              *Attorneys for Plaintiff*
                              45 Broadway, Suite 620
                              New York, New York 10006

15

T: (212) 248-7431
F: (212) 901 - 2107
bstevens@tpglaws.com
yhiraman@tpglaws.com

EEOC Form 161-B (11/16)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **Carlos Fajardo**
**9 Post Avenue**
**Apt. 1-A**
**New York, NY 10034**

From:   **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

RECEIVED

AUG 3 0 2018

BY:  KG

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-03522** | **Charles K. Diamond,**
**Investigator** | **(212) 336-3771** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry*

**Kevin J. Berry,**
**District Director**

8/28/2018

*(Date Mailed)*

Enclosures(s)

cc:   **Human Resources Director**
**HNJ NYC LLC**
**243 West 14th Street**
**New York, NY 10011**

**Brittany A. Stevens, Esq.**
**PHILLIPS & ASSOCIATES**
**45 Broadway Suite 620**
**New York, NY 10006**

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*
